# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMAL DAMON HENDRIX,

    Plaintiff,

v.

J. BARFIELD, *et al.*,

    Defendants.

Case No.: 3:18-cv-00393-RCJ-WGC

**ORDER**

Re: ECF No. 7

Before the court is Plaintiff's Motion to Exclude Case from Mediation (ECF No. 7). Plaintiff requests the court exclude this case from mediation because "Defendants and their Nevada Department of Corrections Employer and also their Deputy Director of NDOC Harold Wickham had on numerous occasions never had respected the plaintiff's settlement proposals in the past previous requests nor counteroffered them even when plaintiff offered to consolidated (sic) pending cases for a reasonable settlement such as (personal property, etc., etc.) without monetary value." (*Id.* at 1.) Plaintiff also contends that "prison officials at Ely State Prison have been using their full restraints of belly chains which my hand (sic) are restricted to my sides with no movement

1

while sitting down in a chair," and also that the "mediator from past video conferences have been more lienant (sic) in defendants' favor during settlement proposals and counteroffers." (*Id.* at 2.)

The history of this case reflects the court screened Plaintiff's complaint and allowed Plaintiff's First Amendment retaliation claims based on the December 10, 2017 search of his cell to proceed against Defendants J. Riveria, J. Mason, V. Belt, D. Frazier, A. Montes, S. Mollett, and John Doe 1, Plaintiff's First Amendment retaliation claim based on the March 11, 2018 search of his cell to proceed against Defendants Esquivel, Adams, Ornelas, Herrera, Filson, and Wickham, and Plaintiff's First Amendment retaliation claim based on his food being tampered to proceed against Defendants Ivie and Barfield. (ECF No. 4 at 11.) The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed.

The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (ECF No. 4 at 12.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. (ECF No. 7.) Plaintiff's rationale is that (1) Defendants and NDOC "never had respected the plaintiff's settlement proposals in the past previous requests nor counteroffered them even when plaintiff offered to consolidated (sic) pending cases for a reasonable settlement such as (personal property, etc., etc.) without monetary value," (2) the "prison officials at Ely State Prison have been using their full restraints of belly chains which my hand (sic) are restricted to my sides with no movement while sitting down in a chair," and (3) the

2

"mediator from past video conferences have been more lienant (sic) in defendants' favor during settlement proposals and counteroffers." (*Id.* at 1, 2.)

In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 4).

///

Plaintiff's Motion to Exclude Case from Mediation (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 6, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE